UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Maria Keating, | File No. 24-cv-3659 (ECT/EMB) |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| Frederick Debt Management, LLC, | |
| Defendant. | |

---

Christopher Wilcox and Carl E. Christensen, Christensen Sampsel PLLC, Minneapolis, MN, for Plaintiff Maria Keating.

---

Plaintiff Maria Keating seeks a default judgment against Defendant Frederick Debt Management, LLC. Keating alleges that Frederick's debt collection practices violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and amounted to the tort of intrusion upon seclusion under Minnesota law. Keating's motion will be granted, though in a slightly lower amount than she requests.[1]

The basic process for determining whether a default judgment should be entered is straightforward. Entry of default means that the "factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." 10A Mary K. Kane,

---

[1] The Clerk properly entered Frederick's default. ECF No. 9. The summons and complaint were served personally on Frederick on October 29, 2024. ECF No. 4. Frederick did not appear or respond. *See generally*, Docket; *see also* Wilcox Decl. [ECF No. 16] ¶¶ 8–9. A hearing on the motion was held on September 2, 2025. ECF No. 23. Frederick did not appear or respond to the default-judgment motion.

*Federal Practice and Procedure* § 2688.1 (4th ed. May 2025 Update) (footnotes omitted). Thus, it must first be determined whether the taken-as-true factual allegations of the complaint "constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *Marshall v. Baggett*, 616 F.3d 849, 852 (8th Cir. 2010) (quoting *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010)). If the taken-as-true allegations of the complaint constitute a legitimate cause of action, then the amount and other terms of the default judgment must be ascertained. *See Hagen v. Sisseton-Wahpeton Cmty. Coll.*, 205 F.3d 1040, 1042 (8th Cir. 2000).

Start with the factual allegations in the Complaint, which are accepted as true. Keating is a Minnesota citizen. Compl. [ECF No. 1] ¶ 5. In 2022, Frederick attempted to collect an alleged "payday lending" debt from Keating. Compl. ¶ 10. The debt was alleged to have originated from Check N' Go, a payday lending entity. *Id.* Later in 2022, Keating's counsel notified Frederick's predecessor-in-interest, Serenity Recovery LLC, that Keating was represented and disputed the Check N' Go debt. *Id.* ¶ 12. Beginning in 2023, Frederick repeatedly sent communications directly to Keating to collect the debt from her. *Id.* ¶ 13. Frederick's communications included false threats that Frederick would seek judgment against Keating if the disputed debt was not paid. *Id.* ¶ 14. For example, on October 18, 2023, Frederick wrote: "At the close of business on Monday 10/28/2023 the matter with Check N Go will be closed and our office will seek judgment and wage garnishment if payment is not made." *Id.* ¶ 15. Frederick has not sought judgment, never could seek judgment, and never intended to seek judgment. *Id.* ¶ 16. Frederick has not sought to garnish Keating's wages, never could garnish Keating's wages, and never

intended to garnish Keating's wages. *Id.* ¶ 17. Frederick made these false statements to coerce Keating into payment of the disputed debt. *Id.* ¶ 18.

Keating claims that Fredrick's conduct violated 15 U.S.C. §§ 1692c(a)(2), 1692d, 1692e, 1692e(4), 1692e(5), 1692f, and the complaint's taken-as-true factual allegations constitute a legitimate cause of action at least under 15 U.S.C. § 1692c(a)(2). Keating is a "consumer" under the FDCPA. *See* 15 U.S.C. § 1692a(3) (defining "consumer" as "any natural person obligated or allegedly obligated to pay any debt."). Frederick is a "debt collector" for the FDCPA's purposes. *See* 15 U.S.C. § 1692a(6); *see also Kaminski v. Frederick Debt Mgmt., LLC*, No. 2:25-cv-80, 2025 WL 216705, at *1 (S. D. Ohio July 18, 2025) ("Defendant obtained the right to collect on the subject debt as a third-party debt collector within the meaning of the [FDCPA] in that it uses postal mail, an instrumentality of interstate commerce for its business, the principal purpose of which is the collection of debts, or it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." (citing 15 U.S.C. § 1692a(6)). Section 1692c(a)(2) says "a debt collector may not communicate with a consumer in connection with the collection of any debt" without the consumer's prior consent "if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer[.]" 15 U.S.C. § 1692c(a)(2). Here, Frederick repeatedly sent debt collection communications

3

directly to Keating when Frederick knew Keating was represented by counsel. Compl. ¶ 32.

After a defendant's liability is established, a plaintiff seeking a default judgment "must still prove its actual damages to a reasonable degree of certainty." *Everyday Learning Corp. v. Larson*, 242 F.3d 815, 818–19 (8th Cir. 2001). "A district court may determine damages by computing from the facts of record the amount that the plaintiff is lawfully entitled to recover and enter judgment accordingly." *Radisson Hotels Int'l, Inc. v. Fairmont Partners LLC*, No. 19-cv-1176 (WMW/BRT), 2020 WL 614810, at *2 (D. Minn. Feb. 10, 2020). Here, this task is relatively straightforward. Frederick's § 1692c(a)(2) violation means Keating is entitled to recover statutory damages not to exceed $1,000, *see* 15 U.S.C. § 1692k(a)(2)(a), and reasonable attorney fees and costs, 15 U.S.C. § 1692k(a)(3), among other possible remedies. Keating seeks just these sums— *i.e.*, statutory damages, attorneys' fees, and costs—in the total amount of $6,578.00. *See* Wilcox Decl. ¶¶ 38, 41–43.[2]

Though the $1,000 statutory damages award is as straightforward as it gets, the law requires a close examination of Keating's request for attorneys' fees and costs. The party seeking fees has the burden of establishing that the fees sought are reasonable and should submit evidence supporting the rates claimed and hours worked. *Hensley v. Eckerhart*,

---

[2] It doesn't matter, but I think Keating's numbers add up to a figure that is slightly larger than she seeks. Keating says that with 8.6 hours of attorney time, 1.8 hours of paralegal time, and 4.0 hours of clerk time, she is entitled to $4,588.00 in fees. *See* ECF No. 16 ¶ 38. At the requested hourly rate of $425 for the attorney, $210 for the paralegal, and $145 for the law clerk, that adds up to $4,613.

461 U.S. 424, 433–34, 437 (1983). "To calculate attorney's fees, courts typically begin by using the lodestar method, which multiplies the number of hours reasonably expended by reasonable hourly rates. When determining reasonable hourly rates, district courts may rely on their own experience and knowledge of prevailing market rates." *Bryant v. Jeffrey Sand Co.*, 919 F.3d 520, 529 (8th Cir. 2019) (citation modified); *see In re RFC*, 399 F. Supp. 3d 827, 846 (D. Minn. 2019) ("Generally, to determine whether an hourly rate is reasonable, courts look at the rates 'prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation.'" (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)). Trial-court judges need not "become green-eyeshade accountants. The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection. So trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time." *Fox v. Vice*, 563 U.S. 826, 838 (2011).

Keating requests an hourly rate of $425 for her attorney, $210 for a paralegal, and $145 for a law clerk. ECF No. 15 at 8–9. Start with Keating's attorney, Mr. Wilcox. Mr. Wilcox's credentials are extensive. He has been practicing law for fourteen years. ECF No. 16 ¶ 14. He has "represented hundreds of consumers in a direct or supervisory capacity in the context of consumer bankruptcy, debt collection defense, fair debt collection, fair credit reporting, truth in lending, and mortgage servicing under federal and state law." *Id.* ¶ 13. He was an adjunct professor at the University of Minnesota Law School from 2014 through 2022, and in that role co-instructed the Consumer Bankruptcy Clinic. *Id.* ¶ 16. His primary practice at Christensen Sampsel, where he has worked since 2017, is

5

"represent[ing] debtors in financial distress and consumers more broadly in matters of debt collection and foreclosure defense, fair debt collection, fair credit reporting, and mortgage servicing." *Id.* ¶ 18. Mr. Wilcox has taught several continuing legal education seminars in these subject areas, *see id.* ¶ 20, and he is a member of the National Association of Consumer Advocates, *id.* ¶ 19. He is a contributing author to "The Complete Lawyer: Consumer Law" (Minn. CLE 2022, 2024). *See* ECF No. 16 ¶ 21. In addition to Mr. Wilcox's declaration, Keating submitted declarations of two local attorneys attesting to the reasonableness of Mr. Wilcox's $425 hourly rate in the Twin Cities market. *See* ECF No. 17 (Lyons Decl.); ECF No. 18 (Chester Decl.). Considering his credentials, legal skills, and prevailing hourly rates being charged in the Twin Cities, Mr. Wilcox's $425 hourly rate is reasonable. *See Kelly v. United Payment Ctr. Inc.*, No. 22-cv-1799 (ECT/DLM), 2023 WL 6285184, at *3 (D. Minn. Sep. 27, 2023).

The paralegal rate of $210 per hour for Lisa Robertson is reasonable. Ms. Robertson has 24 years of legal experience, and she has worked as the office manager and a paralegal at Christensen Sampsel since 2014. ECF No. 16 ¶¶ 23–26. Not long ago, I found that a rate of $190 for Ms. Robertson was reasonable. *See Major v. Halliday Watkins & Mann, P.C.*, No. 24-cv-1897 (ECT/DJF), 2024 WL 5233149, at *3 (D. Minn. Dec. 27, 2024). Her current rate represents a roughly-10% increase over the rate approved in *Major*, and it remains "comparable to, or at least not unreasonably greater than, paralegal rates approved in this District." *Id.* (citing *Berscheid v. Experian Info. Sols., Inc.*, No. 22-cv-86 (JRT/LIB), 2023 WL 3750182, at *3 (D. Minn. June 1, 2023)).

6

The $145 hourly rate for the law clerk is unsupported. I previously determined that a $95 hourly rate was reasonable for this same law clerk. *See Major*, 2024 WL 5233149, at *3. Keating argues that "[w]ith nearly one year of additional experience at the time the work was performed in this matter and the near conclusion of her formal legal education and preparation for the bar exam, an increase to a rate of $145.00 is not unreasonable." *See* ECF No. 15 at 9. But Keating provides no evidence or authority to support the reasonableness of the $145 law-clerk rate as compared with the prior approved rate or prevailing market rates. A $95 hourly rate will be awarded for the law clerk's time here.

Keating seeks recovery for 14.4 hours of time, including 8.6 hours of attorney time, 1.8 hours of paralegal time, and 4.0 hours of law clerk time. *See* ECF No. 15 at 10; ECF No. 16 ¶ 39 & at 16. This amount of time is reasonable considering how long it would take a reasonable attorney to complete tasks reasonably completed in an FDCPA action brought to an early default judgment—including researching and drafting the complaint, communicating with the client, and preparing the default motion. *See* ECF No. 16 at 16. In addition, Keating reasonably seeks an additional $500 of attorneys' fees and costs to attend the hearing on this motion, ECF No. 16 ¶ 41, and I find this amount to be a reasonably conservative estimate for Mr. Wilcox's time spent traveling to and from, and attending, the default-judgment hearing. Applying the reasonable hourly rates to the hours worked totals $4,913 in attorneys' fees, including the additional $500 amount to attend the hearing. Keating's requested $490 filing costs are reasonable. *See* ECF No. 16 ¶ 38 & at 16. Adding these amounts yields a total amount of $5,403 in attorneys' fees and costs.

**ORDER**

Accordingly, based on the foregoing, and on all the files, records, and proceedings herein, **IT IS ORDERED THAT**:

1. Plaintiff Maria Keating's motion for default judgment [ECF No. 13] is **GRANTED**.

2. The Clerk of Court shall enter default judgment against Defendant Frederick Debt Management, LLC, and in favor of Plaintiff Maria Keating in the amount of $6,403.

3. Plaintiff's counsel is **ORDERED** to mail a copy of this Opinion and Order to the Defendant at its registered address by both first-class mail and certified mail, return receipt requested, which shall constitute due and proper service of this Opinion and Order.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: September 2, 2025

s/ Eric C. Tostrud
Eric C. Tostrud
United States District Court